**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Julie Stevenson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 2473 |
| Gatestone & Co. International, Inc., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Julie Stevenson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Julie Stevenson ("Stevenson"), is a citizen of the State of Washington, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for an American Express account, despite the fact that she had exercised her rights under the FDCPA to refuse to pay that debt and be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.  Defendant, Gatestone & Co. International, Inc. ("Gatestone"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Gatestone operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many consumers in the State of Illinois. In fact, Defendant Gatestone was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.  Defendant Gatestone is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Gatestone conducts business in Illinois.

6.  Moreover, Defendant Gatestone is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Gatestone acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.  Ms. Stevenson is a senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed to American Express. When Gatestone began trying to collect this debt from Ms. Stevenson, by sending her a collection letter dated December 20, 2013, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Gatestone's collection actions. A copy of this collection letter is attached as Exhibit C.

8. Accordingly, on January 6, 2014, one of Ms. Stevenson's attorneys at LASPD informed Gatestone, in writing, that Ms. Stevenson was represented by counsel, and directed Gatestone to cease contacting her, and to cease all further collection activities because Ms. Stevenson was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and the certified mail return receipt are attached as Exhibit D.

9. Nonetheless, Defendant Gatestone repeatedly called Ms. Stevenson numerous times in January, February and March, 2014, from phone number 866-251-2396, to attempt to collect the American Express debt.

10. Defendant Gatestone's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Gatestone's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Stevenson's, agent/attorney, LASPD, told Defendant Gatestone to cease communications and cease collections (Exhibit D). By

3

continuing to communicate regarding payment of this debt, Defendant Gatestone violated § 1692c(c) of the FDCPA.

15. Defendant Gatestone's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Gatestone knew that Ms. Stevenson was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Gatestone to cease directly communicating with her. By directly calling Ms. Stevenson, despite being advised that she was represented by counsel, Defendant Gatestone violated § 1692c(a)(2) of the FDCPA.

19. Defendant Gatestone's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Julie Stevenson, prays that this Court:

4

1. Find that Defendant Gatestone's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Stevenson, and against Defendant Gatestone, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Julie Stevenson, demands trial by jury.

                Julie Stevenson,

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: April 7, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com